■ N. W. JOHNSEN & CO., INC., et al., Respondents, v GEMINI SHIPPING, INC., Appellant.—Order and judgment of the Supreme Court, New York County, entered on August 1, 1979 and August 27, 1979, respectively, which denied defendant's motion for summary judgment and granted plaintiffs' cross motion for summary judgment, modified, on the law and the facts, to the extent of vacating the judgment and denying plaintiffs' cross motion for summary judgment and otherwise affirmed, with costs. By this action plaintiffs seek to recover brokerage commissions from defendant (Gemini) under a ship charter agreement made by Gemini, as owner, with Sea Shipping, Inc., as shipper, for the shipment of zinc ore from Thailand to this

country. Concededly, Sea Shipping breached the charter. As a result, Gemini instituted an arbitration proceeding. In that arbitration it recovered an award of $1,516,072 against Sea Shipping which has since been paid, for profits lost as a consequence of the breach. No claim was made for brokerage commissions and none was awarded. Included in the charter agreement, to which neither of the plaintiffs was a party, was a provision for payment of brokerage fees "upon the gross amount of Freight, Deadfreight and Demurrage * * * by Vessel and Owners upon Shipment of cargo, Steamer and/or cargo lost or not lost". Defendant contends that under the terms of the charter provision, and in accordance with the custom of the trade, this provision was binding upon plaintiffs; that they are entitled to commissions only on the zinc ore actually shipped; that these commissions have been paid, and, by consequence, there is nothing due to plaintiffs. Plaintiffs, on the other hand, assert that the brokerage clause contained in the charter party is not binding upon them because they were not parties to that agreement which was signed only by Gemini and Sea Shipping; that the obligations of Gemini to pay these brokerage commissions to them flows from a separate oral agreement between them and Gemini under which they became entitled to commissions upon the entry into that agreement; and that the agreement was fully performed by them when the charter party was executed between Gemini and Sea Shipping even though, as a matter of accommodation, they agreed that payment of their commission by Gemini might be made in installments, as the zinc ore was shipped. Moreover, they assert that Gemini has been made whole by the award in arbitration and it will be unjustly enriched if it is permitted to retain the proceeds of the award without paying them the commissions due thereon. This last claim flows, at least in part, from the fact that during the contract period Sea Shipping encountered certain difficulties by reason of which the time for performance was extended. In return therefor Sea Shipping agreed to an increase in the price per metric ton shipped. This agreed upon increase was to compensate Gemini for the very substantial increase in the world oil price. Gemini, on the other hand, denies that any such oral agreement was made and it asserts that, in any event, suit thereon is barred by the Statute of Frauds, since such an agreement was not capable of performance within one year (General Obligations Law, § 5-701, subd a, par 1). It is apparent that here there are a number of issues in dispute between the parties. These issues are not susceptible of summary disposition and must await trial for their determination. Concur—Fein, Sandler, Bloom and Yesawich, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The plaintiff as a broker was responsible for bringing a series of transactions to the defendant from the shipper and was entitled, pursuant to a charter agreement between the shipper and the defendant, to brokerage fees. The shipper breached the charter, and the defendant recovered a substantial amount in an arbitration against the shipper. In fact, it obtained a recovery based on an increase in the freight rate even though no actual shipment took place. It, therefore, got the benefit of its shipping charter agreement, and accordingly the broker should receive its proper fees. (Hecht v Meller, 23 NY2d 301, 305.) Perceived in this fashion, there can be no dispute between the parties, and so the plaintiff should be granted summary judgment. There is no need to go into the question of a separate oral agreement.